UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>    Plaintiff,<br><br>    v.<br><br>M.E. SPEARMAN, et al.,<br><br>    Defendants. | No. 1:17-cv-01691-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. Nos. 19, 24) |

      Plaintiff Francisco Sierra is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On March 4, 2019, the assigned magistrate judge screened plaintiff's first amended complaint and issued findings and recommendations, recommending that this action proceed on plaintiff's claim against defendant Thompson for retaliation in violation of the First Amendment, against defendant Castellanos for cruel and unusual punishment in violation of the Eighth Amendment, and that all other claims and defendants be dismissed. (Doc. No. 19.) The findings and recommendations were served on plaintiff and contained notice that any objections were to be filed within twenty-one days after service. (*Id.* at 18.) After seeking and receiving two extensions of time in which to file objections, plaintiff filed objections on June 28, 2019. (Doc.

1

No. 24.) Contained within those objections is a motion for leave to remand those causes of action that the magistrate judge recommended be dismissed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The court first addresses plaintiff's objections to the findings and recommendations. The magistrate judge previously screened the original complaint and found that it stated some cognizable claims, but that those claims did not arise out of the same transaction or occurrence and could thus not be brought in the same lawsuit. (*See* Doc. No. 11.) In that screening order, the magistrate judge provided plaintiff with instructions on how to properly construct an amended complaint. Plaintiff did not heed the direction given and, as the magistrate judge has noted in the pending findings and recommendations, "[t]he material factual allegations in the FAC are largely identical to the factual allegations in the [original] Complaint." (Doc. No. 19 at 3.) Thus, the magistrate judge recommended dismissal after finding that plaintiff had failed to correct the deficiencies already identified in the screening order.

With respect to whether his claims are related to one another, in his objections plaintiff merely cites to legal authority, and makes no effort to explain how the claims presented in his complaint arise from the same transaction or occurrence. Here, the magistrate judge applied the correct legal standard. The court also agrees with the magistrate judge that many of plaintiff's claims are entirely unrelated to one another. The FAC alleges claims against twenty-three separate defendants who work at three different prisons, with the various incidents alleged in the FAC being several months apart. Accordingly, the undersigned agrees with the magistrate judge's conclusion that plaintiff has failed to allege a connection between the named defendants sufficient to meet the requirements of Federal Rule of Civil Procedure 20(a)(2), because of which certain of his claims must be dismissed.

/////

/////

In addition, although plaintiff has requested "leave to remand all claims against Avalos [and] Wright" (Doc. No. 24 at 1), plaintiff has not offered any argument or authority in support of this request. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). Nonetheless, the court will address plaintiff's request in light of his *pro se* status. As this court and other have previously concluded, federal courts lack the authority to remand a case to state court if it was originally filed in federal court. *See Martinez v. Nestle Dreyer's Ice Cream Co.*, No. 1:18-cv-01582-DAD-JLT, 2019 WL 2918025, at *1 (E.D. Cal. July 8, 2019); *see also Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 751 (3rd Cir. 1993) (reviewing a district court's order to remand a consolidated case and holding that "the district court should have remanded the removed case to state court and dismissed the case [plaintiff] originally filed in federal court."); *Ngoc Lam Che v. San Jose/Evergreen Cmty. Coll. Dist. Found.*, No. 17-cv-00381-BLF, 2017 WL 2954647, at *3 (N.D. Cal. July 11, 2017) ("As an initial matter, this Court could not remand Che's state law claim even if it were to dismiss Che's ADA claim, because this action was originally filed in federal court."); *Harbord v. Bean*, No. C 17-349 RSL, 2017 WL 2081072, at *1 (W.D. Wash. May 15, 2017) ("[T]his Court lacks the authority to remand a case that originated in federal court."), *aff'd*, No. 17-35498, 2017 WL 6345784 (9th Cir. Oct. 12, 2017); *Fuse v. Ariz. Bd. of Regents*, No. CV 07-2351-PHX-FJM, 2009 WL 837645, at *1 (D. Ariz. Mar. 27, 2009) ("[W]e cannot remand plaintiff's claims to state court because this action was originally filed in federal court."). Construing plaintiff's request as a motion to remand, that motion must be denied.

For the reasons set forth above,

1. The findings and recommendations issued on March 4, 2019 (Doc. No. 19) are adopted in full;

/////

/////

/////

/////

2. This case shall proceed on plaintiff's claims against defendant Thompson for retaliation in violation of the First Amendment and against defendant Castellanos for cruel and unusual punishment in violation of the Eight Amendment; and

3. All other claims and defendants are dismissed.

IT IS SO ORDERED.

Dated: **October 8, 2019**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE