UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>Plaintiff,<br><br>v.<br><br>T. THOMPSON and J. CASTELLANOS,<br><br>Defendants. | No. 1:17-cv-01691-DAD-EPG (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL<br><br>(ECF No. 47)<br><br>ORDER DENYING PLAINTIFF'S ORAL MOTION TO APPOINT COUNSEL<br><br>(ECF No. 48)<br><br>ORDER DIRECTING PRODUCTION OF WITNESS STATEMENTS AND EVIDENCE OR SUBMISSION FOR IN CAMERA REVIEW<br><br>ORDER DIRECTING CLERK OF COURT TO UDATE DOCKET TO REFLECT REMAINING DEFENDANTS |

On November 4, 2020, Defendants T. Thompson and J. Castellanos filed a motion to compel Plaintiff Francisco Sierra, a state inmate proceeding *pro se*, documents in response to a discovery request. (ECF No. 47). On December 2, 2020, the Court held a telephonic discovery and status conference. Counsel Alan Romero appeared for Defendants, and Plaintiff appeared pro se. Following the conference and after a further review of the record, the Court orders as follows:

**I.      DEFENDANTS' MOTION TO COMPEL**

Defendants filed a motion to compel on November 4, 2020, (ECF No. 47), seeking to compel Plaintiff to respond to their requests for production because Plaintiff's response to Defendants' request indicated he had withheld documents. Plaintiff did not file an opposition.

1

On September 2, 2020, Defendants served a set of requests for production of documents to Plaintiff. (ECF No. 47-1 at 5). Plaintiff's reply to Defendants indicated he was withholding certain documents because he was unwilling to part with his only copies and did not have access to the law library to make any copies. (*Id.* at 15). On the record, Plaintiff stated that the withheld documents were 602 grievance forms and an affidavit. Defendants responded that the paging system remains available and, given the pandemic, law library access is restricted.

The Court made further inquiries during the conference.  Although Plaintiff noted that he has not received the correct documents he requested through the paging process, Plaintiff stated that he has not lost any documents as part of that process.  Plaintiff reiterated his request to be allowed limited access to the law library to make his copies.

In light of the safety concerns associated with the pandemic, the availability of the paging service to accomplish Plaintiff's copying, and the lack of specific evidence that such a service would result in the loss of originals, the Court grants Defendant's motion to compel and requires Plaintiff to produce the requested documents within thirty days.

If Plaintiff is unable to do so within thirty days due to problems with the paging system, Plaintiff may file a motion for extension of time or otherwise seek relief. Such a motion should detail what steps Plaintiff has taken with respect to obtaining copies of the documents and any responses from Plaintiff's institution of confinement. The Court cautions Plaintiff that failure to comply with this order to compel may result in sanctions. *See* Fed. R. Civ. P. 37.

## II.     MOTION TO APPOINT COUNSEL

On the record, Plaintiff moved to appoint counsel. Plaintiff explained that he was not trained in the law.  Plaintiff also stated that he has had no access to the law library during the discovery period due to the limitations addressing the current pandemic.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request

the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

Plaintiff's case is not so exceptional as to merit the request for pro bono counsel by the Court at this stage. In addition, based on Plaintiff's filings and his abilities at the telephonic hearing, Plaintiff appears able to articulate his claims *pro se* in light of the complexity of the legal issues involved. However, as the Court informed Plaintiff, he may renew his motion for appointment of pro bono counsel at a later stage of the proceedings. Therefore, the Court will deny Plaintiff's motion to appoint counsel.

**III.  EVIDENCE AND WITNESS STATEMENTS**

At the conclusion of the hearing, Defendants' counsel pointed to the portion of the Court's scheduling order, (ECF No. 46), that discusses witness statements and evidence gathered from investigation into the incident at issue. That order states, in relevant part:

> Additionally, if a party is claiming a right to withhold witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint based on the official information privilege, the withholding party shall submit the withheld witness statements and/or evidence to the Court for in camera review, along with an explanation of why the witness statements and/or evidence is privileged.

(*Id.* at 2-3). The order cites, among other authority, *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006): "[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved."

Defendants' counsel asked whether Defendants had to submit the witness statements for *in camera* review if they were not subject to a specific discovery request. The Court reviewed the

3

scheduling order and stated that it did not provide an independent order to produce the documents.

Following the discovery and status conference, the Court reviewed Defendants' scheduling conference statement, which states, in relevant part:

> As referenced above, a confidential memorandum dated October 17, 2017 was prepared in connection with some of the facts or circumstances at issue in the amended complaint. Furthermore, a use of force critique package was prepared in connection with some of the facts or circumstances at issue in the amended complaint. Defendants intend to withhold the confidential memoranda and use of force critique documents, as well as any derivative confidential documents, under the official information privilege.

(ECF No. 40 at 4). While this statement was prepared in anticipation of a scheduling conference, such a conference was not held because, at Defendants' request, it was cancelled in light of the pandemic. (ECF No. 42).

Given defense counsel's question to the Court, combined with Defendants' statement in their scheduling conference statement, it appears possible, if not likely, that Defendants witness statements and/or other evidence were generated from investigation of the incident at issue. However, Defendants have decided to withhold such documents wholesale on the ground that they were not subject to a discovery request by Plaintiff. Moreover, despite Defendants' statement in their scheduling conference statements that "Defendants intend to withhold the confidential memoranda and use of force critique documents, as well as any derivative confidential documents, under the official information privilege," it appears that Defendants decided to not even claim that the documents are privileged. Rather they are withhold them without providing any privilege log or other identification of such documents, and without following the Court's procedures for the official information privilege.

The above-mentioned motions and circumstances combine to put the Court in an untenable position. Due to Plaintiff's incarceration and limitations from the pandemic, Plaintiff is litigating this case not only without legal training or counsel, but without any access to the law library. The Court is also compelling him to provide his sole witness affidavit to opposing counsel, despite his concerns with doing so. Despite these severe limitations on Plaintiff, and

despite the direction from the Supreme Court that documents generated in the exhaustion process will assist the Court in litigation, Defendants appear to be withholding their own witness statements and evidence, without any identification of such documents or claim of privilege.

Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F), (P). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request."). *See also United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

Accordingly, after consideration of all the circumstances in this case including the limitations on law library access imposed by the pandemic, the Court will order Defendants to produce any witness statements and evidence gathered from investigations into the incidents at

issue in the complaint. If Defendants wish to withhold any such documents pursuant to the official information privilege, they shall follow the procedures set forth in the Court's scheduling order.

## IV. CONCLUSION AND ORDERS

Accordingly, it is HEREBY ORDERED THAT:

1. Defendants' motion to compel (ECF No. 47) is GRANTED. Within thirty (30) days of the date of this order, Plaintiff shall produce the documents requested in Defendants' first set of requests for production of documents, including any affidavits Plaintiff has related to this case. Plaintiff is instructed to use the institution's paging service to make any needed copies.

2. Plaintiff's motion for appointment of counsel (ECF No. 48) is DENIED without prejudice.

3. Within forty-five (45) days of the date of service of this order, Defendants shall produce to Plaintiff witness statements and evidence gathered from investigation(s) into the incident(s) at issue in the complaint, if any. This order does not extend to internal reviews or internal critiques, although it does include any witness statements or evidence contained within such reviews or critiques, which may be provided in redacted form. If any witness statements or evidence is withheld pursuant to the official information privilege, the withheld statements and evidence shall be submitted to the Court for *in camera* review pursuant to the procedures laid out in the Court's scheduling order.

4. The Clerk of Court is respectfully directed to update the docket to reflect the dismissal of all defendants other than Defendants Thompson and Castellanos.

IT IS SO ORDERED.

Dated: **December 4, 2020**           /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE