UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>    Plaintiff,<br><br>v.<br><br>T. THOMPSON and J. CASTELLANOS,<br><br>    Defendants. | Case No. 1:17-cv-01691-DAD-EPG (PC)<br><br>ORDER RE: DOCUMENTS WITHHELD ON THE BASIS OF THE OFFICIAL INFORMATION PRIVILEGE<br><br>(ECF No. 55) |

    Francisco Sierra ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action.  This case now proceeds on Plaintiff's First Amended Complaint (ECF No. 16) against Defendant T. Thompson for retaliation in violation of the First Amendment and Defendant J. Castellanos for cruel and unusual punishment in violation of the Eighth Amendment, (ECF Nos. 19, 25, 26).

    On January 21, 2021, Defendants filed documents for *in camera* review, seeking to withhold certain documents under the official information privilege. (ECF No. 55) (notice of filing). This submission was in response to the Court's December 4, 2020 order to provide, for *in camera* review, witness statements and evidence gathered from investigations into the incidents at issue in the complaint, to the extent Defendants seek to withhold any such documents pursuant to the official information privilege. (ECF No. 50 at 6).

    The "common law governmental privilege (encompassing and referred to sometimes as

the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure. . . ." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (internal citations omitted).

The Court has reviewed the submitted documents, Defendants' brief, and the declaration of J. Barba, the litigation coordinator at Substance Abuse Treatment Facility and State Prison-Corcoran. The government has established that it has legitimate security interests in withholding the documents, many of which are related to an incident log. The interests are specific and supported by Barba's declaration. Plaintiff has a reduced interest in these documents because Defendants have already disclosed other portions of the incident log to Plaintiff. After weighing the potential benefits of disclosure against the potential disadvantages, the Court finds, on balance, the potential disadvantages are greater and the official information privilege bars discovery.

Accordingly, IT IS HEREBY ORDERED that Defendants may withhold the undisclosed documents submitted for *in camera* review.
IT IS SO ORDERED.

Dated:  **February 18, 2021**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

2