UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>    Plaintiff,<br><br>    v.<br><br>J. CASTELLANOS,<br><br>    Defendant. | Case No. 1:17-cv-01691-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF *PRO BONO* COUNSEL WITHOUT PREJUDICE<br><br>(ECF NO. 72) |

Plaintiff Francisco Sierra is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action. On November 29, 2021, Plaintiff filed a motion for appointment of *pro bono* counsel. (ECF No. 72). Generally, Plaintiff asks for appointment of counsel because he cannot afford to hire counsel, his incarceration limits his ability to litigate, the issues in this case are complex, and Plaintiff has limited knowledge of the law and limited access to legal materials. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of *pro bono* counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to determine that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims, as evidenced, in part, by his successful opposition to Defendant J. Castellanos' motion for summary judgment. (*See* ECF Nos. 58, 70).

Plaintiff is advised that he is not precluded from renewing his motion for appointment of *pro bono* counsel at a later stage of the proceedings.[1]

Lastly, the Court notes that the District Judge granted summary judgment as to Defendant T. Thompson; however, he still appears as an active party on the docket. (ECF No. 70). The Court will direct the Clerk to terminate him from the docket.

For the foregoing reasons, IT IS ORDERED as follows:

1.  Plaintiff's motion for appointment of *pro bono* counsel (ECF No. 72) is DENIED without prejudice.

2.  Plaintiff shall not contact this Court about the status of any cases that he has pending before other Judges.

\\\
\\\
\\\
\\\

---

[1] Additionally, Plaintiff notes his recently filed a case in the Sacramento Division, Case No. 2:21-cv-2149-KJN, and asks this Court for "assistance" because this case should have been filed in the Fresno Division. Upon review of the docket, the Court advises Plaintiff that Case No. 2:21-cv-2149-KJN was transferred to the Fresno Division on November 29, 2021, being assigned Case No. 1:21-cv-1694-SAB.

3. The Clerk of Court is directed to terminate Defendant T. Thompson from the docket.

IT IS SO ORDERED.

Dated: **November 30, 2021**         /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE