UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>    Plaintiff,<br><br>    v.<br><br>J. CASTELLANOS,<br><br>    Defendant. | Case No. 1:17-cv-01691-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 76)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Francisco Sierra is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action. This case proceeds on Plaintiff's cruel-and-unusual-punishment claim against Defendant J. Castellanos, a correctional officer at California Substance Abuse Treatment Facility and State Prison, Corcoran (CSATF). (ECF Nos. 68, 70).

On February 2, 2022, Plaintiff filed what the Court construes as a motion for injunctive relief. (ECF No. 76). Because Plaintiff's motion for injunctive relief is not related to Defendant Castellanos and the claim proceeding in this case, the Court will recommend that it be denied.

**I.      SUMMARY OF PLAINTIFF'S MOTION**

Plaintiff states that one of his requests in his original complaint was for injunctive relief for prison officials to stop retaliating against him. (*Id.* at 1; *see* ECF No. 1, p. 33). However, since this Court issued findings and recommendation on August 30, 2021, to allow Plaintiff's cruel-

1

and-unusual-punishment claim against Defendant Castellanos to proceed, Plaintiff has received four rules violation reports (RVR). (ECF No. 76, p. 2). Three RVRs have been issued by James Brown, a corrections officer at Mule Creek State Prison, who has harassed Plaintiff every day. (*Id.*). Plaintiff has been put on "C. Status," resulting in him no longer getting two phone calls per month, not having regular yard access, and not being able to "physically" visit the law library. (*Id.*). Plaintiff requests that the Court direct "J. Brown [to] leave [him] alone." (*Id.* at 3).

## II.     LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance*

*for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

### III. ANALYSIS

The Court will recommend that Plaintiff's motion for injunctive relief be denied. Importantly, this case is only proceeding on Plaintiff's cruel-and-unusual-punishment claim against Defendant Castellanos. While Plaintiff previously raised retaliation claims in this lawsuit, they have been dismissed, and in any event did not concern James Brown writing Plaintiff up for multiple RVRs. *See Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). James Brown, a corrections officer at Mule Creek State Prison, is not a party to this case and does not appear to be in active concert or participation with Defendant Castellanos, a corrections officer at CSATF. Fed. R. Civ. P. 65(d)(2)(A)-(C) (stating that an injunction binds only "the parties," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation.").

Therefore, the Court will recommend that Plaintiff's motion for injunctive relief be denied.[1]

### IV. RECOMMENDATIONS

Accordingly, based on the foregoing, IT IS RECOMMENDED that Plaintiff's filing (ECF No. 76), which the Court construes as a motion for injunctive relief, be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\

\\\

---

[1] The Court notes that, if Plaintiff believes that James Brown is violating his constitutional rights, he may file a separate lawsuit against James Brown.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 8, 2022**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE