UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>            Plaintiff,<br><br>      v.<br><br>J. CASTELLANOS,<br><br>            Defendant. | Case No. 1:17-cv-01691-ADA-EPG (PC)<br><br>ORDER VACATING NOVEMBER 14, 2022 PRETRIAL CONFERENCE<br><br>(ECF No. 92)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND PROSECUTE THIS CASE<br><br>(ECF Nos. 89, 92)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

Plaintiff Francisco Sierra is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action. Despite issuing two orders for Plaintiff to file his pretrial statement and warning him that he risked dismissal of his case for failure to comply, Plaintiff has failed to file a pretrial statement. (ECF Nos. 89, 92).

Because Plaintiff has failed to comply with the Court's orders and prosecute this case, the Court recommends dismissal of this action with prejudice.

**I.      BACKGROUND**

Plaintiff filed this action on December 15, 2017. (ECF No. 1). Following the District

1

Judge's decision adopting this Court's findings and recommendations, this case now proceeds on Plaintiff's cruel-and-unusual-punishment claim against Defendant Castellanos, which generally concerns Defendant's alleged orchestration of an inmate attack on Plaintiff. (ECF No. 70).

Following the failure of this case to resolve at a settlement conference, the Court issued an order on June 17, 2022, directing the parties to file their pretrial statements by no later than August 15, 2022. (ECF No. 89). Defendant timely filed a pretrial statement, but Plaintiff filed nothing. (ECF No. 90). On August 30, 2022, after considering Plaintiff's status as a *pro se* prisoner, the Court *sua sponte* extended the deadline for Plaintiff to file a pretrial statement to September 29, 2022. (ECF No. 92). This necessitated continuing the pretrial conference (also called a telephonic trial confirmation hearing) that was set for September 12, 2022, before the assigned District Judge, to November 14, 2022.

To assist Plaintiff in filing a pretrial statement, the Court directed the Clerk of Court to mail Plaintiff a copy of the scheduling order, which explains the requirements and procedures for the filing of a pretrial statement and warns that failure to file a pretrial statement may result in dismissal of the case. (ECF No. 46, p. 9). Further, the Court separately warned Plaintiff that, if he failed to file a statement, the "Court may recommend sanctions, including dismissal of this case for failure to comply with the Court's orders and to prosecute the case." (ECF No. 92, p. 2).

To date, Plaintiff has filed nothing in response to the Court's orders to file a pretrial statement and has filed nothing in the case since a June 2022 motion relating to the settlement conference. (ECF No. 86).

**II.    LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (noting that a court may *sua sponte* dismiss under this Rule in certain circumstances); *see also* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the

1  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the
2  Court."). A district court should consider five factors before dismissing a case for failure to
3  prosecute or comply with a court order: "(1) the public's interest in expeditious resolution of
4  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
5  defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy
6  favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th
7  Cir. 2002).

### III. ANALYSIS

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to file a pretrial statement as required by the Court's orders is delaying the case. (ECF Nos. 89, 92). Most notably, Plaintiff's failure to file a pretrial statement has deprived Defendant and the Court of the information necessary for this case to proceed further for purposes of holding a pretrial conference and thereafter a trial and has already resulted in one continuance of the pretrial conference. *See* Local Rule 281 (describing contents of pretrial statement).

Moreover, Plaintiff has not filed anything in this case since June 2022 and has failed to file his pretrial statement after two Court orders directing him to do so and despite being warned of possible dismissal. Allowing this case to proceed further, without any indication that Plaintiff wishes to prosecute this action, would waste judicial resources. *Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Given Plaintiff's failure to comply with court orders and failure to otherwise participate in this case to allow it to move forward, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with the Court's orders and prosecute this case that is causing delay and preventing this case from progressing. Notably, the Court has already modified the deadline *sua sponte* for Plaintiff to file a pretrial statement and he has still not filed one. This case has been pending since December 15, 2017, and is thus approaching the five-year mark without any indication that Plaintiff wishes to continue litigating this case. The Court concludes that this factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. (ECF No. 7). Moreover, although the Court retains the discretion and has considered dismissal without prejudice, it will recommend dismissal with prejudice given Plaintiff's failure to comply with multiple court orders and prosecute this case. Moreover, Defendant has had to expend significant time and effort in this case, which has been pending for nearly five years. In light of these circumstances, it would be unduly prejudicial to require Defendant to again defend these claims if Plaintiff were permitted to refile them in a future lawsuit.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

## III. ORDER

Given Plaintiff's failure to file a pretrial statement and the recommendation to dismiss this case, IT IS ORDERED that the November 14, 2022 pretrial conference before the assigned District Judge is vacated. (ECF No. 92).

## IV. CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal with prejudice is appropriate.

Accordingly, the Court HEREBY RECOMMENDS that:

    1.    This case be dismissed, with prejudice, because of Plaintiff's failure to comply with the Court's orders and to prosecute; and

    2.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 11, 2022**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE