1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   FRANCISCO SIERRA,                    Case No. 1:17-cv-01691-ADA-EPG (PC)

11           Plaintiff,

12      v.                               ORDER VACATING OCTOBER 11,
                                         2022 FINDINGS AND
13   J. CASTELLANOS,                     RECOMMENDATIONS TO DISMISS
                                         CASE, DENYING REQUEST TO
14          Defendant.                   APPOINT COUNSEL, AND SETTING
                                         PRETRIAL CONFERENCE
15
                                         (ECF Nos. 93, 94, 95)
16

17
         Plaintiff Francisco Sierra is a state inmate proceeding *pro se* and *in forma pauperis* in this
18
civil rights action. Following the District Judge's decision adopting this Court's findings and
19
recommendations, this case now proceeds on Plaintiff's cruel-and-unusual-punishment claim
20
against Defendant Castellanos. (ECF No. 70).
21
         After Plaintiff failed to comply with the Court orders to file a pretrial statement, this Court
22
issued findings and recommendations on October 11, 2022, to dismiss this case with prejudice for
23
failure to comply with the Court's orders and failure to prosecute the case. (ECF No. 93). Now
24
before the Court are Plaintiff's timely objections, filed October 27, 2022. (ECF No. 94).
25
Generally, Plaintiff asserts that COVID protocols at his prison affected his access to the law
26
library and prevented the assistance he had been receiving from a fellow inmate so as to delay the
27
filing of his pretrial statement. (ECF No. 94). Plaintiff has now submitted his pretrial statement
28
and asks this Court to allow the case to proceed. (ECF No. 95, *see* ECF No. 94).

1

Although the Court is concerned about Plaintiff's failure to abide by court orders or request an extension to the deadline for his pretrial statement, it will vacate the findings and recommendations to dismiss this case given Plaintiff's *pro se* status and submission of his pretrial statement. However, Plaintiff is advised that the Court expects him to be diligent in meeting all court-ordered deadlines going forward, and any failure to do so may result in the dismissal of this case.

The Court notes that Plaintiff's pretrial statement asks that counsel be appointed "to avoid further delays and (or) complications" in this case and "humbly pleas for this case to be settled already for $1,800." (ECF No. 95, p. 17).

Regarding the request for counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Regarding Plaintiff's request to settle this case for $1,800, the Court will direct the Defendant to consider the offer and file the appropriate documents prior to the pretrial conference should the parties reach a settlement. However, given the relatively low amount at issue and the prior settlement conference in this case, the Court will not order a further settlement conference at

this time. If Defendant believes such a conference would be useful after discussing settlement with Plaintiff, Defendant may file a request for a settlement conference.

Accordingly, IT IS ORDERED as follows:

1. The Court's October 11, 2022 findings and recommendations (ECF No. 93) are vacated.

2. The pretrial conference (also called a telephonic trial confirmation hearing) shall be held on January 9, 2023, at 1:30 p.m. before District Judge Ana de Alba. To participate telephonically, the parties must dial into the conference at 1−888−557−8511 (access code 2219767) at the time of the hearing. Counsel for Defendant is required to arrange for the participation of Plaintiff in the pretrial conference.

3. Should the parties settle the case before the pretrial conference, they are directed to file the appropriate notice and dispositional documents as required by Local Rule 160.

4. Plaintiff's request for the appointment of counsel (ECF No. 95) is denied.

IT IS SO ORDERED.

Dated:   __October 31, 2022__          ___/s/ Erica P. Grosjean___
                                        UNITED STATES MAGISTRATE JUDGE

3