UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>         Plaintiff,<br><br>    v.<br><br>J. CASTELLANOS,<br><br>         Defendant. | Case No. 1:17-cv-01691-ADA-EPG (PC)<br><br>ORDER RE: MOTION FOR $1,500 SETTLEMENT AND MOTION FOR ADMINISTRATIVE RELIEF "DEFAULT JUDGMENT"<br><br>(ECF No. 106) |

      Plaintiff Francisco Sierra, a state inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action on December 15, 2017. After the parties filed a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Court closed the case on January 30, 2023. (ECF Nos. 104, 105).

      On February 7, 2023, Plaintiff filed a motion for $1500 settlement and motion for administrative relief "default judgment." (ECF No. 106). Plaintiff states that, at the January 13, 2023 pretrial conference, he "finally agreed to settle this case for $1,500 dollars only, only this case by itself."[1] (*Id.* at 1). He said defense counsel "agreed to . . . take care of everything

---

[1] For readability, minor alterations, such as changing capitalization and punctuation, have been made to some of Plaintiff's quotations without indicating each change.

regarding payments etc. before the 29 of January 2023." (*Id.* at 1-2). However, Plaintiff just received a paper from defense counsel "that states [he] agreed on January 13, 2023 during our video conference to terminate [his] suit." (*Id.* at 2). Plaintiff asserts "this is in its entirety not so." (*Id.*). Plaintiff asks the Court to contact defense counsel "to correct this matter ASAP," as "the settlement was to be resolved before this month ended" and "the suit was settled for $1,500 dollars." (*Id.*). Additionally, Plaintiff states, that as he "mentioned before" staff at his prison are invading his privacy and he asks the Court to put a stop to this immediately. (*Id.*).

It appears that Plaintiff is claiming that he expected to be paid immediately and yet has not received his settlement payment. However, Plaintiff does not attach the settlement agreement or any evidence regarding the timing of the payment. The Court notes that settlement agreements involving the CDCR regularly provide for a delay between the finalization of the agreement and the issuance of the payment, and such is likely the situation here. Thus, the Court will deny the motion at this time without prejudice to Plaintiff refiling his motion, along with evidence regarding the timing of the payment, should he believe that Defendant has not paid the settlement money within the time provided in his settlement agreement.

As for Plaintiff's allegations regarding privacy violations occurring at his prison, the Court has already addressed two motions regarding such allegations, explaining that the events described were not connected to the claim or Defendant in this case, but that Plaintiff may file a separate lawsuit if he believes his rights are being violated. (ECF Nos. 97, 98, 99, 102). Thus, the Court will deny Plaintiff's request to put a stop to privacy violations at his prison.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion (ECF No. 106) is denied without prejudice to the extent that Plaintiff requests relief regarding his settlement agreement. Plaintiff may refile his motion if he believes that he has not been paid within the time period provided under his settlement agreement. Any such motion shall include a copy of the settlement or other evidence regarding the specific timing of the payment.

2. Plaintiff's motion (ECF No. 106) is denied to the extent that he asks the Court to intervene regarding alleged privacy violations occurring at his prison.

IT IS SO ORDERED.

Dated:   **February 9, 2023**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE